IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JULIUS CEPHAS, PAUL CUTLER, EMMETT FOSTER, and SALLY CHAPMAN,<br><br>    Plaintiff,<br><br>  v.<br><br>INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, AFL-CIO, HAROLD J. DAGGETT, WILLIAM ASHE, JR., and BRIAN WITIW,<br><br>    Defendant. | No. 16-cv-316 (RGA) |

## MEMORANDUM ORDER

Defendants move to dismiss Plaintiffs' Complaint charging them with improperly imposing a trusteeship on Local 1649-1 and disciplining Plaintiffs without proper notice and without a fair hearing.

As a threshold matter, I will not review the hearing transcript because it is not appropriate material for a 12(b)(6) motion. In evaluating a motion to dismiss, a court may consider "the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of Am.*, 361 F.3d 217, 221 nt. 3 (3rd Cir. 2004). A court that considers other documents converts the motion to dismiss to a motion for summary judgment. *In re Burlington Coat Factory*, 114 F.3d 1410, 1426 (3rd Cir. 1997). Relevant here,

"a court that examines a transcript of a prior proceeding to find facts converts a motion to dismiss into a motion for summary judgment." *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp.*, 181 F.3d 410, 427 nt. 7 (3rd Cir. 1999); *see also Matthews v. Postmaster Gen.*, 1999 WL 232013, at *3 (D. N.J. Apr. 12, 1999) (converting a motion to dismiss to a motion for summary judgment because of reliance on documents including a hearing transcript). I decline to convert the motion to dismiss into a motion for summary judgment at this stage and thus will not consider the hearing transcript.

Defendants' Motion to Dismiss Count I is **DENIED**. Plaintiffs' allegations are sufficient to raise a plausible claim that the Executive Council lacked a proper purpose when imposing the trusteeship.

Defendants' Motion to Dismiss Count II is **DENIED**. Plaintiffs' allegations, when considered in the light most favorable to Plaintiffs, are sufficient to raise a plausible claim at least that they were effectively denied cross-examination and thus deprived of a fair hearing.

Defendants' Motion to Dismiss Count III is **DENIED**. Plaintiffs' allegations are sufficient to raise a plausible claim that Plaintiff Cephas was not given adequate notice that he would be barred from running for office and thus that the Executive Council violated 28 U.S.C. § 411(a)(5).

Defendants' Motion to Dismiss Count IV is **DENIED**. Because Plaintiffs' allegations otherwise state plausible claims that the Executive Council acted impermissibly, Plaintiffs' allegations are sufficient to raise a plausible claim that

2

the Executive Council violated its own Constitution in imposing the trusteeship and other punishment against Plaintiffs.

IT IS SO ORDERED this \_\_1\_ day of March 2017.

_____
United States District Judge