# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JULIUS CEPHAS et al. : | |
| : | CIVIL ACTION |
| Plaintiffs : | |
| vs. : | |
| : | No. 1:16-cv-00316-RGA |
| INTERNATIONAL LONGSHOREMEN'S ASSOCIATION : | |
| AFL-CIO, et al. : | |
| Defendants. : | |

# REPLY BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

**MARKOWITZ & RICHMAN.**
By: Claiborne S. Newlin No.: 4745
Legal Arts Building
1225 King Street, Suite 804
Wilmington, DE 19801
Tel.: 302.656.2308
Fax: 215.790.0668
cnewlin@markowitzandrichman.com
Attorney for plaintiffs

**TABLE OF CONTENTS**

TABLE OF CITATIONS ................................................................................................................ ii

STATEMENT OF NATURE AND STAGE OF PROCEEDINGS .................................................1

SUMMARY OF ARGUMENT .......................................................................................................1

ARGUMENT ...................................................................................................................................2

A. Plaintiffs are entitled to summary judgment on their claim that the ILA violated Section 101(a)(5) of the LMRDA by barring Cephas from running for office for 3 years ..................................................................................................................................3

B. Plaintiffs are entitled to summary judgment on their claim that the ILA violated Section 301 of the LMRA by stripping Cephas of the right to run for office for 3 years ..................................................................................................................................8

CONCLUSION ..............................................................................................................................11

CERTIFICATE OF SERVICE ......................................................................................................12

## TABLE OF CITATIONS

Cases: Pages:

*Bailey v. Dixon*, 314 F. Supp. 452 (E.D. La. 1970), *aff'd*, 451 F.2d 160 (5th Cir. 1971), *cert. denied*, 406 U.S. 945 (1972) ..................................................................................10

*Dunleavy v. Radio Officers Union, Dist. No. 3*, 1992 WL 210575 (D. N.J. 1992) ......................5, 6

*Executive Bd. of Transport Workers Union of Philadelphia, Local 234 v. Transport Workers Union of America, AFL-CIO*, 338 F.3d 166 (3rd Cir. 2003) ..............................9

*Hughes v Bricklayers and Allied Craftworkers Local No. 45*, 386 F.3d 101 (2004) .......................6

*International Brotherhood of Boilermakers v. Hardeman*, 401 U.S. 233 (1971) ........................3, 5

*Kowaleviocz v. Local 333, Int'l Longshoremen's Ass'n,* 942 F.2d 285, 289 (4th Cir. 1991) ..........................................................................................................................................10

*Perry v. International Longshoremen's Ass'n, AFL-CIO*, 638 F. Supp. 1441, 1448 (S.D. NY 1986) .............................................................................................................................10

*Waring v. International Longshoreman's Ass'n, Local 1414*, 653 F.Supp. 374 (S.D. Ga. 1986) ..............................................................................................................................7

Statutes:

29 U.S.C. § 185 ................................................................................................................ 1, *passim*
29 U.S.C. § 411(a)(5) ....................................................................................................... 1, *passim*

Rules:

Fed. R. Civ. P. 56(a) .....................................................................................................................1

Plaintiffs, Julius Cephas, Paul Cutler, Emmett Foster and Sally Chapman hereby reply to defendants' response to their motion for partial summary judgment.

## STATEMENT OF NATURE AND STATE OF PROCEEDINGS

In accordance with the Court's scheduling order both plaintiffs and defendants filed dispositive motions on April 27, 2018. Plaintiffs filed a motion for partial summary judgment on Counts III and IV (D.I. #75) a supporting brief (D.I. #76). Defendants filed an answering brief on May 18, 2018. (D.I. #78). Plaintiffs hereby reply.

## SUMMARY OF ARGUMENT

Plaintiffs have moved this court, under Rule 56 of the Federal Rules of Civil Procedure, to grant summary judgment with respect to Count III—Violation of Section 101(a)(5) of the Labor Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. § 411(a)(5), and Count IV—Violation of Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, of the Amended Complaint. (D.I. #32 at 19 & 21.),

Plaintiffs are entitled to summary judgment because the ILA violated Count III by stripping plaintiff Cephas of his right as a union member to run for union office without providing Cephas notice that he was subject to discipline as a member. Section 101(a)(5) of the LMRDA prohibits discipline of a union member unless the member is served with written specific charges. Here the ILA served Cephas only with charges that were to be the basis for imposing a trusteeship on Local 1694-1. It did not inform Cephas that he was to be tried under the union's disciplinary procedures or that he was subject in the trusteeship proceeding to being stripped of his basic rights as a member. The failure to provide such notice prejudiced Cephas by leading him to believe that he was not personally subject to being disciplined and that his rights as a member were not in jeopardy.

1

Plaintiffs are entitled to summary judgment on Count IV because, in disciplining Cephas, the ILA failed to adhere to its own constitution. The ILA Constitution limits the imposition of member discipline to proceedings under Article XVIII (Discipline), requires that when, as here, a committee is appointed to review charges against an accused, that the accused be served with a copy of the committee's report and further mandates that the accused be granted an opportunity to appeal the committee's findings and recommendations to the decision-making body. In disciplining Cephas, the ILA ignored the constitutional requirement to proceed under Article XVIII, failed to provide Cephas with a copy of the trial committee's report before it was adopted by the Executive Council and denied him any right of appeal.

## ARGUMENT

Plaintiffs are entitled to summary judgment on their claims. First, the ILA violated Section 101(a)(5) of the LMRDA by disciplining Cephas without providing notice of pending discipline. There is no genuine dispute that Cephas was only notified that he was subject to being removed from office as part of the institution of a trusteeship. The ILA never notified him that he was subject to being stripped of his rights as a member. As a result, the ILA led Cephas to believe that his rights as a member were not in jeopardy. Second, the plaintiffs are entitled to summary judgment on plaintiffs' claim that the ILA violated Section 301 of the LMRA by breaching its own constitution in the way it conducted a hearing on the trusteeship charges and decided to punish Cephas by barring him from running for office for three years. In attempting to defend its decision to strip Cephas of the right to run for office for three years, the ILA adopts patently unreasonable interpretations of its constitution.

A.  **Plaintiffs are entitled to summary judgment on their claim that the ILA violated Section 101(a)(5) of the LMRDA by barring Cephas from running for office for 3 years.**

Plaintiffs are entitled to summary judgment on their claim that the ILA violated Section 101(a)(5) of the LMRDA, 29 U.S.C. § 411(a)(5), by barring Cephas from running for office for 3 years. In the charges filed requesting a trusteeship, the ILA failed to notify Cephas (or the other charged officers and Executive Board members[1]) that they were accused of offenses that merited discipline as defined in the LMRDA. Rather the ILA repeatedly informed Cephas that he was to be tried in accordance with the ILA's trusteeship provisions (Article XXI, D.I. 76-2 at 56-59.) and would be subject only to removal from office.

Section 101(a)(5) of the LMRDA requires notice of the charges against an accused before a union member can be stripped of basic rights.

> No member of any labor organization may be fined, suspended expelled, or otherwise disciplined except for nonpayment of dues by such organization or by any officer thereof unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing.

29 U.S.C. § 411(a)(5). The requirement of written specific charges means charges specific enough to inform the accused of the offense that he has committed, *International Brotherhood of Boilermakers v. Hardeman*, 401 U.S. 233, 245 (1971). However, where, as here, "the union's charges make reference to specific written provisions, Section 101(a)(5)(A) obviously empowers the federal courts to examine those provisions and determine whether the union member had been misled or otherwise prejudiced in the presentation of his defense." *Id.*

---

[1] The ILA only disciplined Cephas.

3

Before proceeding to the defendants' arguments, it is worth setting out some undisputed facts:

1. The ILA repeatedly notified the accused that they would be tried under the trusteeship provisions of the International Constitution (Article XXI, D.I. 76-2 at 56-59).

2. The ILA identified removal from office as the only and gravest specific potential penalty faced by the accused.

3. The ILA <u>never</u> informed the accused that they faced trial under Article XVIII (Discipline) (D.I. 76-2 at 48-51) the disciplinary Article of the International Constitution.

4. The ILA also did not indicate that announced Article XXI proceeding would also consider the possibility of discipline as defined under the LMRDA and in its constitution.

5. The ILA <u>never</u> placed the accused on notice that they faced a loss of their basic rights as members as defined in Article XXXI, Section I(2). (See, D.I. 76-2 at 73.)

As a result, the ILA failed to expressly notify the accused that the charges against them were being considered as a basis for discipline and that they faced loss of their basic rights as members.

The ILA vainly tries to escape these facts by citations to the charges filed by Ashe and Witiw. The ILA points out that Ashe and Witiw mention "Article XVIII" in charge number 1 and "subject to discipline" in charge number 2. (*See*, D.I. #76-6 at 3.) But, for several reasons, neither reference was sufficient to place Cephas and the Executive Board that they were subject to the loss of their rights as members. First, the Ashe-Witiw charges called for the imposition of a trusteeship ("trusteeship is warranted") not discipline. (*Id.* at 4.) Second, the ILA continuously treated the Ashe-Witiw charges exclusively as solely a trusteeship matter. International President Daggett and

4

Vice Presidents Little and O'Donnell repeatedly indicated that the charges were to be heard only to see if a trusteeship was warranted. They made no mention of any evaluation under Article XVIII or possible discipline. Consequently, Cephas, with a 20-year experience in how the ILA administered discipline, had no reason to believe that loss of his rights as a member was under consideration.

The ILA first attempts to avoid the consequences of its errors with a transparently specious argument that the Court lacks subject matter jurisdiction over plaintiffs' Section 101(a)(5) claim. Defendants maintain that plaintiffs are attempting to overturn a January 2018 election held in Local 1694-1 after the ILA's tardy termination of its trusteeship. They point out that jurisdiction over such elections lie exclusively with the Secretary of the U.S. Department of Labor in the first instance. (D.I. #78 at 7.) Here the ILA tries to throw sand in the Court's eyes. Plaintiffs have not requested that the Court overturn the 2018 election; they request only that the Court find that the ILA improperly disciplined Cephas in violation of Section 101(a)(5) of the LMRDA. Originating with the May 3, 2016 filing of its complaint, Plaintiffs claim, , concerns a disciplinary action taken by the ILA on April 25, 2016. (D.I. #2.) It is well established that district courts of the United States have jurisdiction to hear such claims. *Hardeman*, 401 U.S. 233. A decision in Cephas's favor might have implications for the recently held election but plaintiffs do <u>not</u> seek to invalidate the election or otherwise intrude on the Secretary of Labor prerogatives.

In its answering brief, (D.I. #78 at 13.) the ILA attempts to rationalize its failure to notify the plaintiffs of possible discipline by citing *Dunleavy v. Radio Officers Union, Dist. No. 3*, 1992 WL 210575 (D. N.J. 1992). Far from supporting it, however, *Dunleavy* weighs heavily against the ILA. In *Dunleavy*, the plaintiff alleged that the union breached Section 101(a)(5) of the LMRDA by failing to inform him of the penalties he faced. The court disagreed with the plaintiff's claim,

5

finding that the plaintiff was, in fact, "apprised appropriately … of the potential punishment he faced." *Id.* at *11. The court noted that, although the written charges did not specify possible discipline, the union supplied the plaintiff in *Dunleavy* with a copy of its bylaws and informed the plaintiff that he would be <u>tried</u> in accordance with Article 11 of the union's constitution, and that Article 11 specifically authorized the trial committee to "recommend the degree of punishment, including expulsion from the union." *Id.* In contrast, in this case, however, the ILA <u>repeatedly</u> informed Cephas that he would be tried exclusively under Article XXI ("Trusteeships") (D.I. 76-2 at 56-59) an Article that does <u>not</u> empower the union's Executive Council to discipline members as part of a trusteeship proceeding. Moreover, the only penalty specifically called for in the ILA's charges was removal from office. Consequently, *Dunleavy* does not support the ILA's position.

Defendants also seek to rely on *Hughes v Bricklayers and Allied Craftworkers Local No. 45*, 386 F.3d 101 (2004), to excuse their failure to notify Cephas of possible discipline. In *Hughes*, the plaintiffs argued that the union violated Section 101(a) by instituting suspensions that were not expressly authorized by the union's constitution and bylaws. *Id.* at 105. The plaintiffs contended that since the constitution's provisions relating to discipline specified only maximum fines, removal from office, barring a member from seeking office and expulsion from membership, suspensions were not permitted. *Id.* at 106. But the court noted that just as the union's constitution allowed a fine less than the maximum prescribed for an offense, so it permitted suspension for an offense where expulsion was specifically authorized. *Id.* The court acknowledged that the union could not lawfully impose a suspension for an offense where expulsion was not listed as a sanction. *Id.* But since the plaintiffs were suspended for offenses specifically authorizing expulsion, the court reasoned that the union had not imposed a punishment inconsistent with its rules. *Id.*

6

Like *Dunleavy*, *Hughes* does not support the ILA. In this case, the ILA did exactly what the *Hughes* court stated would not be authorized under that union's constitution. The ILA conducted a proceeding under Article XXI. Section 3 of that Article clearly delineates the powers of the Executive Council and limits those powers to suspending the accused officers from office, appointing temporary officers to their positions and appointing trustees to serve pending a decision of the Council on the charges. (D.I. 76-2 at 57.) The Executive Council's power with respect to an accused in a trusteeship proceeding is limited to removing him from office; it is not authorized to bar him or her from office or suspend other privileges of membership. Consequently, the ILA here, in contradiction to *Hughes*, imposed a punishment that was <u>not</u> a lessor included penalty (such as suspending an officer from his or her office) impliedly permitted in an Article XXI proceeding.

In fact, the circumstances here more closely approximate those in *Waring v. International Longshoremen's Ass'n*, 653 F.Supp. 374 (S.D. Ga. 1987). In *Waring*, the court held that, to comply with Section 101(a)(5), the union cannot mislead a member about potential penalties that the union member confronts by misciting its own constitution. *Id.* at 379-80. In *Waring*, the ILA, as it has done here, identified a different bylaw it its charges than the one the accused actually violated. As here, the bylaw identified carried a much less severe penalty than the one allowed under the correct bylaw. The ILA chose the more severe penalty to punish the member despite providing notice of charges under the wrong bylaw. Upon review, the court noted that "the plaintiff was not afforded adequate notice of the charges against him or of the penalties that could be assessed, and his defense … was not based on accurate information and was prejudiced by the defendants' omissions and typographical error." The court held that, by leading the member to believe that he would be tried and punished under the wrong bylaw, the ILA had violated the member's rights under Section 101(a)(5) of the LMRDA. *Id.* at 379-80.

Finally, the ILA claims that Cephas has not shown prejudice from its decision to discipline during a trusteeship proceeding. The facts clearly show otherwise. In the first place had the ILA notified him that he was subject to loss of his rights as a member, Cephas would have conducted a different defense. He would have developed evidence showing that the two-tier seniority system had been in existence for nearly two decades (originating in an agreement negotiated by ILA International representatives, including his prime accuser) and that he had done everything possible to eliminate that system consistent with the will of his membership. He would have also rebutted the false allegation that he was involved in the promotion of his son. In addition, he would also have put in mitigating evidence showing his personal contribution to enhancing the ILA's credibility in Delaware and the greater Wilmington community. But even more importantly, Cephas would have insisted that his rights to a hearing under Article XVIII be respected, including the Article XVIII, Section 4 (D.I. 76-2 at 50-51) right to be served with a copy of the trial committee's decision and the Article XVIII, Section 6 (D.I. 76-2 at 51) right of appeal from that committee's decision.

There is no genuine dispute that the ILA repeatedly provided only notice of a trusteeship proceeding under Article XXI and identified only removal from office as the appropriate punishment. Consequently, plaintiffs are entitled to summary judgment on their claims that the ILA disciplined Cephas in violation of Section 101(a)(5) of the LMRDA.

**B.     Plaintiffs are entitled to summary judgment on their claim that the ILA violated Section 301 of the LMRA by stripping Cephas of the right to run for office for 3 years.**

In their answering brief, (D.I. # 78) defendants ignore the substance of plaintiffs' claim that the ILA violated Section 301 of the LMRA. 29 U.S.C. § 185. Plaintiffs argue that the ILA

8

violated its own Constitution in suspending Cephas's right to run for office for 3 years. Plaintiffs have shown that the ILA ignored the express provisions of its own constitution requiring a hearing under Article XVIII (D.I. 76-2 at 48-51) as a prelude to discipline, by failing to provide him with a copy of the trial committee's report as required under that Article and by failing to grant his request to submit an appeal to the Executive Council. Defendants do not attempt to deal directly with any of these issues.

Instead, defendants confine their remarks to something that is not in dispute. They argue that Section 1(e) of Article XVIII (D.I. #76-2 at 49) provides the Executive Council with the power to discipline members found guilty of the offenses described in the Article XVIII. (D.I. #78 at 22.) The plaintiffs do not dispute the fact that the Executive Council has the power to discipline at the culmination of a bona fide Article XVIII proceeding. What the defendants ask the court to ignore, however, is that the ILA did <u>not</u> conduct the necessary Article XVIII proceeding on the charges against Cephas. From beginning to end, it proceeded under Article XXI. It failed to notify Cephas that he would be tried under Article XVIII (Section 1(b); D.I. # 76-2 at 48), failed to provide him with a copy of trial committee's report as required under that Article (Section 4; D.I. # 76-2 at 50) and denied him the written appeal to the Executive Council also guaranteed by that Article (Section 6; D.I. # 76-2 at 51). And then, after proceeding according to the rules for Article XXI (D.I. # 76-2 at 56-59), the Executive Council adopted a penalty, not authorized under Article XXI but permitted only under Section 1(a) of Article XVIII (D.I. # 76-2 at 48). In so doing, the ILA adopted a "patently unreasonable" interpretation of its constitution conflicting with the constitution's stark and unambiguous language and reading out important provisions (right to notice, discipline restricted to an Article XVIII proceeding, a copy of the findings, right of appeal). See, *Executive Bd. of Transport Workers Union of Philadelphia, Local 234 v. Transport Workers Union of*

*America, AFL-CIO,* 338 F.3d, 166, 170 (3rd Cir. 2003). *See, e.g. Kowaleviocz v. Local 333, Int'l Longshoremen's Ass'n,* 942 F.2d 285, 289 (4th Cir. 1991) (ILA local committed substantive violation of union constitution by failing to provide the plaintiff written notice specifying the grounds for appeal); *Perry v. International Longshoremen's Ass'n, AFL-CIO*, 638 F. Supp. 1441, 1448 (S.D. NY 1986)(Granting plaintiff summary judgement on claim of ILA violation of Article XVIII, Section 4 baring an accuser from sitting on the ILA Executive Council.)

Defendants do their best to obscure the ILA's adoption of patently unreasonable interpretation of its constitution. Defendants ignore the express limits placed on the Executive Council's authority in Section 3 of Article XXI (D.I. # 76-2 at 57) in a trusteeship proceeding and surreptitiously import into that Article powers reserved to the Council only after a hearing conducted under Article XVIII. (See, Art. XVIII, Section 1(b); D.I. # 76-2 at 48.) They ignore the Article XVIII right of the accused to receive a copy of the trial committee's written decision (*See*, Art. XVIII, Section 4; D.I. # 76-2 at 50) and, despite the express language of Section 4, pretend that there is "nothing in the Constitution to support th[is] right. (D.I. # 78 at 22.) And finally they ignore Article XVIII, Section 6 (D.I. # 76-2 at 51) guarantee of a right of appeal from the trial committee to the Executive Council (*Id.*) In fact, defendants jump back and forth between Article XVIII and Article XXI cherry picking provisions out of context that support the ILA's discipline of Cephas while ignoring those provisions that undermine it.

Defendant's questionable selectivity is amply illustrated by the one case cited in defense of their tendentious interpretations. They disingenuously maintain that the "precise procedure" followed in this case was "upheld" in *Bailey v. Dixon*, 314 F. Supp. 452 (E.D. La. 1970), *aff'd*, 451 F.2d 160 (5th Cir. 1971), *cert. denied*, 406 U.S. 945 (1972). *Bailey*, however, was concerned solely with the ILA's imposition of a trusteeship on Local 1830 of Port Allen, Louisiana. *Id.* The

ILA Executive Committee upheld a trial committee's recommendation and instituted a trusteeship over the local union. But, unlike this case, there was no imposition of discipline on a member. Thus, there was also no allegation that the ILA denied its members rights guaranteed in the disciplinary provisions of its constitution. Consequently, *Bailey* does not support the ILA.

Since they have advanced a "patently unreasonable" interpretation of the ILA Constitution, defendants are not entitled to summary judgement on plaintiffs' Section 301 claims.

## CONCLUSION

For all the reasons set forth above, plaintiffs, Julius Cephas, Paul Cutler, Emmett Foster and Sally Chapman, respectfully request that the Court grant plaintiffs motion for partial summary judgment.

Respectfully submitted,

/s/ Claiborne S. Newlin
Claiborne S. Newlin, Esq.
MARKOWITZ & RICHMAN
Legal Arts Building
1225 King Street, Suite 804
Wilmington, DE 19801
Tel.: 302.655.2308
Fax: 215.790.0668
Email: cnewlin@markowitzandrichman.com
*Attorney for Plaintiffs*

Dated: June 8, 2018

## CERTIFICATION OF SERVICE

I certify that on the date stated below a copy of the foregoing Reply Brief in Support of Plaintiffs' Motion for Partial Summary Judgment was served by the Court's electronic filing system on all parties of record.

June 8, 2018

/s/ Claiborne S. Newlin
Claiborne S. Newlin, Esq.